UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| ANDREA FRANKLIN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No.   CV611-022 |
| | ) | CR606-026 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

In 2008, this Court sentenced Andrea Franklin to 120 months' imprisonment after a jury convicted her of participating in a conspiracy to possess and distribute crack and powder cocaine. (Doc. 1 at 1; cr. docs. 638 (verdict) & 718 (judgment).[1])  This sentence was based upon the assumption that Franklin was subject to a 10-year mandatory minimum sentence under 21 U.S.C. § 841(b), given the jury's special verdict finding that the conspiracy involved 50 grams or more of cocaine base or 5

---

[1] Unless otherwise noted, citations are to the docket in Franklin's civil § 2255 case, number CV611-022.  "Cr. doc." refers to documents filed under her criminal case, CR606-026.  Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

kilograms or more of powder cocaine. After unsuccessfully appealing her sentence, *United States v. Bacon*, 598 F.3d 772 (11th Cir. 2010), Franklin filed the present § 2255 motion asserting, as a single ground for relief, that her appellate attorney was ineffective for failing to argue that her sentence should have been based upon the amount of drugs reasonably foreseeable to her rather than the total amount of drugs attributed to all conspirators. (Doc. 1 at 4.) The government concedes that she is correct and asks that the Court grant her motion and resentence her. (Doc. 3 at 5.)

As the government points out, Franklin's co-conspirator, Sheikel Jamison, raised the same claim on direct appeal of her sentence.[2] *See Bacon*, 598 F.3d at 777. The Eleventh Circuit held that this Court plainly erred by sentencing Jamison to a 10-year mandatory minimum sentence based upon the jury's special verdict that the overall conspiracy involved more than 50 grams of crack or 5 kilograms of powder cocaine. *Id.* at 777-78 (citing 21 U.S.C. § 841(b)'s mandatory minimum provision). The appellate court noted that, under its established precedent, a

---

[2] While Franklin challenged the sufficiency of the evidence on direct appeal, unlike Jamison, she did not challenge her sentence. *Bacon*, 598 F.3d at 775, 777.

2

defendant convicted of participating in a drug conspiracy must be sentenced based on the amount of drugs reasonably foreseeable to that particular defendant rather the total amount of drugs involved in the conspiracy itself. *Id.* (citing *United States v. O'Neal*, 362 F.3d 1310, 1315-16 (11th Cir. 2004)). Reaffirming its precedent, the court held in such drug conspiracy cases the sentencing judge must make "an individualized finding, supportable by a preponderance of the evidence, as to the drug quantity foreseeable by that defendant." *Id.* at 778.

It is undisputed that Franklin received a mandatory minimum sentence of 120 months based upon the total quantity of drugs involved in the conspiracy rather than the amount individually attributable to her. The government concedes that the amount reasonably foreseeable by Franklin, as calculated by the probation officer, should have been closer to 2 kilograms. (Doc. 3 at 2.) Had she been sentenced based upon that amount, her sentencing range would have been 78 to 97 months. Accordingly, Franklin's appellate counsel rendered deficient performance by failing to raise the argument on appeal, and she was clearly prejudiced by that deficient performance.

The Court agrees with the government's conclusion that Franklin received ineffective assistance of counsel on appeal. Accordingly, Franklin's § 2255 motion should be **GRANTED**, and she should be resentenced based upon an individualized finding, supported by a preponderance of the evidence, as to the drug quantity reasonably foreseeable to her.

**SO REPORTED AND RECOMMENDED** this  27th  day of May, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**